

**SIGNED THIS 1st day of March, 2019**

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE
DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

*Rebecca B. Connelly*
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**WILLIAM ALLEN DYER,**              Chapter 7
    Debtor.                            Case No. 18-62156

**CLMG CORPORATION,**
    Movant,

    v.                                  Motion No. 12

**WILLIAM ALLEN DYER,**
**and**
**HANNAH W. HUTMAN, Chapter 7 Trustee,**
    Respondents.

## MEMORANDUM OPINION

Before the Court is a motion to annul the automatic stay filed by CLMG Corporation ("CLMG") and a response to the motion filed by the debtor, William Allen Dyer. ECF Doc. Nos. 12, 19. The Court held a hearing on February 14, 2019, at which counsel for both parties appeared and presented arguments to the Court. Following the conclusion of the hearing, the Court took the matter under advisement. For the following reasons, the Court grants the motion to annul the automatic stay.

**Findings of Fact[1]**

On August 6, 2018,[2] CLMG bought real property commonly known as 347 Slaughter Drive, Orange, VA 22960 (the "Property") at a foreclosure sale. On September 24, 2018, CLMG filed an unlawful detainer action against William Dyer[3] in Madison County District Court.[4] CLMG searched bankruptcy records prior to filing the complaint and found that Mr. Dyer at that time was not in a pending bankruptcy case.[5]

Over a month after CMLG filed the unlawful detainer action, Mr. Dyer, by counsel, filed a voluntary chapter 7 petition on October 31, 2018. ECF Doc. No. 1. Although he did not file all the required schedules and statements at that time, Mr. Dyer did include with his "bare bones" petition a list of creditors. The list of creditors filed with the petition did not include CLMG. Fourteen days after filing the petition, on November 14, 2018, Mr. Dyer filed the balance of schedules. *See* ECF Doc. No. 10. Mr. Dyer did not list CLMG as a creditor, party in interest, or party to be notified on any of his schedules. *See* Schedules D, E/F, G, & H, ECF Doc. No. 10, at 13–28. Further, in response to question 10 of the Statement of Financial Affairs, which simply asks "[w]ithin 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?", Mr. Dyer answered "No." *See* ECF Doc. No.

---

[1] The parties appear to agree on many of the basic facts necessary to decide this matter. For clarity, where necessary, citations to CLMG's motion to annul the automatic stay will be cited as "Mot." and citations to Mr. Dyer's response will be cited as "Resp."

[2] CLMG asserts in its motion that the foreclosure sale took place on August 6, 2018. Mot. ¶ 5. Mr. Dyer states in his response that he "believes that there was a foreclosure at some point in time." Resp. ¶ 5. CLMG attached to its motion a Substitute Trustee's Deed which also asserts the date of the sale as August 6, 2018. *See* ECF Doc. No. 12-2. The Court accepts the August 6, 2018 date, but in any event the Court finds that the foreclosure sale took place prepetition.

[3] Apparently, Mr. Dyer must have been residing in the Property after CLMG purchased it.

[4] Mot. ¶ 7; Resp. ¶ 7 (admitting allegations in paragraph 7 of CLMG's motion).

[5] Mot. ¶ 7; Resp. ¶ 7 (admitting allegations in paragraph 7 of CLMG's motion).

10, at 36. Not only that, when asked if he was a party to "any" court action including collection suits or unlawful detainer actions, Mr. Dyer answered "No." *Id.*

The state district court granted CLMG a judgment for possession of the property at a hearing held on November 16, 2018.[6] At that time, neither Mr. Dyer nor Mr. Dyer's counsel informed the district court or CLMG's counsel that Mr. Dyer had filed for bankruptcy two weeks earlier, on October 31, 2018.[7] Mr. Dyer appealed the judgment to the Circuit Court for Madison County.[8] At no point, even after filing an appeal for the CLMG action, did Mr. Dyer list CLMG as a creditor in the bankruptcy case.[9] CLMG ran an updated bankruptcy search on December 27, 2018, and discovered Mr. Dyer's bankruptcy filing.[10] CLMG's counsel informed the district court and the appeal was set for May 1, 2019, to allow for the bankruptcy issues bearing on the action to be resolved.[11]

---

[6] Mot. ¶ 7; Resp. ¶ 7 (admitting allegations in paragraph 7 of CLMG's motion).

[7] Mot. ¶ 7; Resp. ¶ 7 (admitting allegations in paragraph 7 of CLMG's motion).

[8] Mot. ¶ 7; Resp. ¶ 7 (admitting allegation in paragraph 7 of CLMG's motion).

[9] At the hearing held on February 14, 2019, counsel for Mr. Dryer stated that CLMG was on the creditor's matrix. Specifically, he stated "in our chapter 7 bankruptcy, we listed the lender. We were unaware of CLMG Corporation. We don't know if they were buyer at the foreclosure or what that was. But if you check our matrix it shows that they're there, and we noticed them on this. So, we noticed who we thought we had to notice in this matter." As it turns out, Mr. Dyer's creditor's matrix included only the mortgage company and its related entities, LNV Corporation, Dovenmuehle Mortgage, Inc., and MGC Mortgage. Once CLMG filed the motion to annul the automatic stay on January 22, 2019, its name was automatically added to the Court's mailing matrix through the Court's automated process to add addresses of those who file pleadings in a case to the mailing matrix for that case. Because Mr. Dyer did not originally include CLMG on his creditor mailing matrix, the Court never sent CLMG the notice of bankruptcy. Mr. Dyer did not add CLMG as a creditor or party in interest and did not certify that he sent it notice of the bankruptcy.

[10] Mot. ¶ 9. In his response, Mr. Dyer "denies knowledge or information sufficient to form belief" concerning this allegation, Resp. ¶ 9, but at the hearing on February 18, 2019, he did not contest the allegation. The Court finds that CLMG did, on its own, discover the bankruptcy filing at some point after the petition was filed.

[11] Mot. ¶ 9. In his response, Mr. Dyer "denies knowledge or information sufficient to form belief" concerning this allegation, Resp. ¶ 9, but he did not contest the allegation at the hearing on February 14, 2019. The Court finds that CLMG did inform the state court of the bankruptcy filing and that the appeal has been delayed to accommodate this bankruptcy proceeding.

On January 22, 2019, CLMG filed a motion to annul the automatic stay. ECF Doc. No. 12. Mr. Dyer filed his response to the motion on February 13, 2019. ECF Doc. No. 19.

*The Hearing*

Counsel for Mr. Dyer and counsel for CLMG appeared at a hearing held on February 14, 2019. Counsel for CLMG reiterated the facts and arguments contained in CLMG's motion. Counsel emphasized the lack of notice and knowledge of the bankruptcy filing at the time CLMG obtained the judgment for possession. Further, counsel for CLMG noted that Mr. Dyer did not inform the state court of the bankruptcy at the hearing which resulted in the judgment for possession.

Counsel for Mr. Dyer argued that the Court should deny CLMG's request because Mr. Dyer may have a claim that the foreclosure sale was not properly conducted.[12] When questioned by the Court, counsel for Mr. Dyer noted that there was no disagreement that Mr. Dyer was not current with his mortgage at the time of the foreclosure and that the mortgage had not been paid. Counsel for Mr. Dyer claimed, without accompanying support, that prior to the foreclosure sale Mr. Dyer was in a loan modification process that had not been handled properly by the mortgage company and so relief should be denied.[13]

**Conclusions of Law**

In this case, CLMG asks this Court to annul the automatic stay so that the judgment for possession entered by the state court on November 16, 2018, is not void as a result of the automatic stay.

---

[12]    The debtor did not disclose in his bankruptcy schedules any claim or potential claim for improper foreclosure.

[13]    Mr. Dyer does not provide support for why the allegation that Mr. Dyer has or had applied for a loan modification is a defense to the motion to annul the stay. A loan modification is voluntary. A mortgage company may evaluate whether to consent to modify the terms of its mortgage but does not lose its state law rights as a result.

4

Section 362(a) of the Bankruptcy Code provides an automatic stay which prohibits certain actions, including the continuation of judicial proceedings against the debtor. 11 U.S.C. § 362(a)(1). Section 362(d), however, mandates that a bankruptcy court "shall grant relief from the stay . . . such as by terminating, *annulling*, modifying, or conditioning such stay" for, among other reasons, "cause." 11 U.S.C. § 362(d)(1) (emphasis added). The inclusion of "annulling" in this subsection emphasizes that the Court may grant relief from stay retroactively. This means that actions, which would otherwise be void as a violation of the automatic stay, may be validated by the bankruptcy court in annulling the stay. *See, e.g.*, *Wiencko v. Ehrlich (In re Wiencko)*, 99 Fed. App'x. 466, 469 (4th Cir. 2004) ("Under § 362(d), bankruptcy courts have the discretion to annul the automatic stay retroactively for cause in order to rehabilitate stay violations.").

Generally, a bankruptcy court should annul the stay to validate actions when the party taking such action was unaware of the existence of the bankruptcy case and thus of the automatic stay. "Examples of when it is proper for courts retroactively to annul the automatic stay include when there is merely a technical violation of the automatic stay or when the creditor lacks knowledge of the automatic stay." *Sexton v. Dep't of Treasury (In re Sexton)*, 508 B.R. 646, 666 (Bankr. W.D. Va. 2014).

CLMG obtained the judgment for possession on November 16, 2018, but Mr. Dyer filed his petition on October 31, 2018. CLMG therefore obtained the judgment for possession in violation of the automatic stay. The Court, however, may retroactively annul the stay for cause, thus validating the judgment obtained. Indeed, CLMG requests that the Court take this action.

The Court finds that CLMG acted in good faith[14] and without notice of the automatic stay when it obtained the judgment for possession. Because CLMG was provided no notice of the

---

[14] The Bankruptcy Court records show that CLMG was not served with the Notice of Bankruptcy. It is uncontroverted that CLMG searched bankruptcy court records to see if Mr. Dyer filed bankruptcy before it filed the

automatic stay, particularly in light of the fact that Mr. Dyer had ample opportunity to do so during the state court proceeding, the Court determines that it is appropriate to annul the automatic stay, validate the judgment for possession issued by the state district court, and grant relief from stay to continue the appeal filed by Mr. Dyer of the judgment for possession.  *See, e.g.*, *Moore v. U.S. Dep't of Hous. & Urban Dev. (In re Moore)*, 350 B.R. 650, 655 (Bankr. W.D. Va. 2006) ("An oft-cited example of when it is appropriate to grant an annulment is the situation where a creditor violates the stay but does so in good faith and without knowledge thereof.").

It is all the more appropriate to annul the automatic stay in this chapter 7 no-asset case, because it would be pointless otherwise.  If CLMG had notice of the bankruptcy case in the first place, and had CLMG filed a motion for relief from stay to continue the unlawful detainer action, grounds existed at the time to grant such relief.  The foreclosure sale had already occurred almost three months prior to the filing of the petition.  Ownership of the Property transferred to CLMG 86 days before Mr. Dyer filed his chapter 7 petition.  As of the petition date, Mr. Dyer had no legal interest in the Property.  Likewise, Mr. Dyer admitted in his bankruptcy petition that he had no intention of paying the mortgage debt secured by the Property, which makes sense since the Property secured by the mortgage had been foreclosed upon before he filed his bankruptcy petition. *See* Statement of Intention for Individuals Filing Under Chapter 7, ECF Doc. No. 10, at 41 (not providing for any intention in relation to the Property).  As noted at the February 14, 2019 hearing, Mr. Dyer was in default on his mortgage and had not been making payments at the time of foreclosure.  These facts and circumstances demonstrate cause, which compels the Court to grant

---

unlawful detainer action and found that he had not filed bankruptcy at that time.  It is uncontroverted that neither Mr. Dyer nor his counsel told CLMG about the bankruptcy before, during, or after the hearing on the unlawful detainer action.  After Mr. Dyer appealed the state court judgment, CLMG once again did its own search to determine if Mr. Dyer filed bankruptcy and for the first time was made aware of Mr. Dyer's bankruptcy case.  Given these facts, the Court concludes that CLMG has filed this motion to annul the stay in good faith.

relief from stay to pursue the unlawful detainer action. *See* 11 U.S.C. § 362(d). For all these reasons, if the Court did not annul the stay, the Court would inevitably relieve the stay permitting a hearing on the eviction action. Because CLMG had no notice of the bankruptcy when it obtained the judgment for possession and yet had grounds to request and obtain relief from the stay had it known of the existence of the automatic stay, it is appropriate to annul the stay to give effect to the judgment obtained unknowingly in violation of the automatic stay.

The Court grants the motion to annul the automatic stay and concludes that the judgment for possession obtained by CLMG is not void as a result of the imposition of the automatic stay. Further, the Court will grant CLMG relief from the automatic stay to address the appeal filed by Mr. Dyer.

The Court will contemporaneously issue an Order consistent with the findings and ruling of this Memorandum Opinion.

A copy of this Memorandum Opinion shall be provided to the debtor, debtor's counsel, counsel for CLMG Corp., the chapter 7 trustee, and the Office of the United States Trustee.